# HEARST

February 23, 2017

**VIA FEDERAL EXPRESS**

United States District Court
Southern District of Texas
FILED
FEB 2 4 2017

Diego Ibargüen
Counsel

Office of
General Counsel

Eve Burton
Senior Vice President
General Counsel

Catherine A. Bostron
Corporate Secretary

Jonathan R. Donnellan
Mark C. Redman
Vice President
Deputy General Counsel

Kristina E. Findikyan
Larry M. Loeb
Kenan J. Packman
Peter P. Rahbar
Maureen Walsh Sheehan
Ravi V. Sitwala
Jack Spizz
Debra S. Weaver
Senior Counsel

Jennifer D. Bishop
Abraham S. Cho
Marianne W. Chow
Adam Colón
Travis P. Davis
Carolene S. Eaddy
Carl G. Guida
Audra B. Hart
Diego Ibargüen
Charlotte Jackson
Siu Y. Lin
Alexander N. Macleod
Kate Mayer
Jonathan C. Mintzer
Aimee Nisbet
Elliot J. Rishty
Shira R. Saiger
Eva M. Saketkoo
Aryn Sobo
Jennifer G. Tancredi
Stephen H. Yuhan
Counsel

The Honorable Lynn N. Hughes
United States Courthouse
515 Rusk Avenue, Room 5300
Houston, Texas 77002-2605

David J. Bradley, Clerk of Court

Re: Sealed Docket Entries in *USA v. Khan*, No. 4:15-cr-00263

Dear Judge Hughes:

This office represents the Houston *Chronicle* (the "*Chronicle*"), a Hearst newspaper. I write to call your attention to what appears to be the inadvertent, but nevertheless improper sealing—without prior notice or an opportunity to be heard—of several events and orders in the above-referenced matter.

Specifically, I call your attention to Docket Nos. 49, 50, 51, 84, 85, 87, 89 and 90, all of which are listed as "Sealed Event" or "Sealed Order," and none of which was preceded by a motion providing public notice of an intent to seek sealing or an order publicly identifying the basis for sealing.

In light of the strong public interest in scrutinizing criminal prosecutions, and the salutary benefits of such scrutiny, the *Chronicle* respectfully requests that the Court unseal these docket entries, and, to the extent the Court determines that sealing is justified, that the reasons for such sealing be made public. Furthermore, to the extent future events, filings or orders are considered for sealing by the Court, we respectfully request that the Court ensure that the public be given notice and an opportunity to be heard in advance of sealing, and, if sealing is necessary, that a statement of the reasons justifying sealing also be posted on the public docket.

We believe the foregoing requests are consistent with the Supreme Court's long-standing recognition of the public's and the press' constitutional right of access to criminal proceedings, a right rooted in the "history and logic" of public access to such proceedings and guaranteed by the First Amendment. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (holding that "the right to attend criminal trials is implicit in the guarantees of the First Amendment; without the freedom to attend such trials, which people have exercised for centuries, important aspects of freedom of speech and of the press could be eviscerated.") (citation omitted). Applying this standard, the Supreme Court has held there is a

300 West 57th Street
New York, NY 10019
T 212.649.2039
F 646.280.2039
dibarguen@hearst.com

constitutional right of access to all phases of criminal proceedings. *See Richmond Newspapers*, 448 U.S. 555 (trial); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982); *Press-Enterprise Co. v. Superior Court ("Press-Enterprise I")*, 464 U.S. 501 (1984) (jury *voir dire*); *Waller v. Georgia*, 467 U.S. 39 (1984) (suppression hearings)[1]; *Press-Enterprise Co. v. Superior Court ("Press-Enterprise II")*, 478 U.S. 1 (1986) (preliminary hearings).

As the Court explained in *Press-Enterprise I*:

> The value of openness lies in the fact that people not actually attending trials can have confidence that standards of fairness are being observed; the sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known. Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system.

464 U.S. at 508. Based on this understanding, the Court in *Press-Enterprise II* said that the First Amendment access right applies to all aspects of court proceedings unless they "would be totally frustrated if conducted openly," citing grand-jury proceedings as the single example of a proceeding that would be frustrated by openness. *Press-Enterprise II*, 478 U.S. at 8-9. The Court also emphasized the importance of the right of access to proceedings where no jury is present. *Id.* at 12-13 ("[T]he absence of a jury, long recognized as 'an inestimable safeguard against the corrupt or overzealous prosecutor and against the [compliant], biased, or eccentric judge,' makes the importance of public access . . . even more significant.") (quoting *Duncan v. Louisiana*, 391 U.S. 145, 156 (1968)).

The Supreme Court's repeated and emphatic pronouncements in favor of public access to criminal proceedings have led other courts, including the Fifth Circuit, to hold that the First Amendment access right attaches to virtually all aspects of those proceedings, from beginning to end. *See, e.g., In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 175, 177 (5th Cir. 2011) (sentencing proceedings); *United States v. Cojab*, 996 F.2d 1404, 1405 (2d Cir. 1993) (unspecified pretrial hearings); *United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983) (bail-related hearings); *Application of NBC, Inc.*, 828 F.2d 340 (6th Cir. 1987) (judicial-disqualification and attorney-conflict-of-interest proceedings); *see also In re Application of The Herald Co.*, 734 F.2d 93, 98 (2d Cir. 1984) ("It makes little sense to recognize a right of public access to criminal courts and then limit that right to the trial phase of a criminal proceeding . . . . There is a significant benefit to be gained from public observation of many aspects of a criminal proceeding . . . ."), and C. Thomas Dienes et al., *Newsgathering and the Law* § 3.01[1] (3d ed. 2005) ("Today, almost all pretrial proceedings are presumptively open.").

---

[1] While *Waller* concerned a Sixth Amendment challenge made by the defendant, the Court based its reasoning on First Amendment precedent and applied the *Press-Enterprise I* closure standard.

February 23, 2017
Page 3

     This right of access to criminal proceedings also extends to court records related to those proceedings. *See In re Hearst*, 641 F.3d at 176 (noting various circuit court decisions recognizing "a First Amendment right of access to documents filed for use in sentencing proceedings."); *In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 889 (S.D. Tex. 2008) ("[T]he valuable functions attributed to publicity apply not only to the actual [criminal] proceedings but also to the records of those proceedings."); *Wash. Post Co. v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1991) (recognizing a right of access to plea agreements).

     The Supreme Court has made clear that while the First Amendment right of access is not absolute, the bar for overriding it is high, and that closure or sealing is permitted only when it "is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise I*, 464 U.S. at 510. First and foremost, a court must provide notice and an opportunity to be heard prior to closure. *Id.*; *Press-Enterprise II*, 478 U.S. at 9-10; *In re Application of The Herald Co.*, 734 F.2d at 102 (observing that "it seems entirely inadequate to leave the vindication of a First Amendment right to the fortuitous presence in the courtroom of a public spirited citizen willing to complain about closure"); *In re Hearst*, 641 F.3d at 182-83 (same); *United States v. Alcantara*, 396 F.3d 189, 199-200 (2d. Cir. 2005) (same); *see also Presley v. Georgia*, 558 U.S. 209, 214 (2010) ("The public has a right to be present whether or not any party has asserted the right.").

     Second, a court is required to make specific, on-the-record findings in order to justify a denial of access. *Press-Enterprise II*, 478 U.S. at 13-14; *In re Hearst*, 641 F.3d at 181 ("Because there is a First Amendment right of access to sentencing proceedings, there is a presumption that they should remain open, absent specific, substantive findings made by the district court that closure is necessary to protect higher values and is narrowly tailored to serve such goals."). Such findings should be publicly available to allow the public to understand and challenge the need for sealing. *See United States v. Carriles*, 654 F. Supp. 2d 557, 571-72 (W.D. Tex. 2009) ("[T]he Proposed Protective Order would prevent the Press from knowing why any particular filing is made under seal."). On-the-record findings by the District Courts are also essential in order to facilitate appellate review. *See, e.g., Richmond Newspapers*, 448 U.S. at 580-81 (critical of district court's failure to make findings supporting closure or to consider alternatives to closure); *Press-Enterprise I*, 464 U.S. at 513 (same); *In re Hearst*, 641 F.3d at 181-82 (noting that the Supreme Court and the various Circuit Courts that had spoken on this matter had "uniformly required adherence to such procedural safeguards."). In short, the transparency of decision-making is crucial to ensure public confidence, adherence to constitutional standards, and preservation of a meaningful right to appeal decisions regarding secrecy. And even when closure or sealing is found to be essential to preserve higher values, such closure or sealing must be narrowly tailored to serve that interest. *Press-Enterprise I*, 464 U.S. at 510.

     The foregoing procedural guarantees have rightly been described by the Fifth Circuit as First Amendment due process, because without them, the right of access could not be enforced and would be meaningless. The Fifth Circuit specifically held that these procedural guarantees are required under the First Amendment's right of access, and that unsealing is warranted when they are not followed. *In re Hearst*, 641 F.3d at 186-87.

     Thus, for these reasons, the *Chronicle* respectfully requests that the sealed entries docketed in this matter be unsealed, or, to the extent sealing is found necessary, that the reasons for sealing be filed on the public docket. To the extent future closure of filings, events or orders is considered

February 23, 2017
Page 4

by the Court, the *Chronicle* further requests that the Court ensure that the procedural guarantees required by the constitutional right of access to criminal proceedings are followed.

                                        Respectfully submitted,

                                        Diego Ibarguen

cc:      David Adler
          David Adler PC
          6750 W. Loop S, Suite 120
          Bellaire, Texas 77401

          Alamdar Shabbir Hamdani
          Carolyn Ferko
          U.S. Attorney's Office
          1000 Louisiana, Ste 2300
          Houston, Texas 77002